Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Andrew John Marshall**

Case No. **22-41753**
CHAPTER 13 PLAN ✓ Modified
Dated: **November 28, 2022**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ✓ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ✓ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ✓ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1  As of the date of this plan, the debtor has paid the trustee $__.

2.2  After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $500.00 | 11/2022 (36 months) | 10/2025 | $18,000.00 |
| | | TOTAL: | $18,000.00 |

2.3  The minimum plan length is ✓ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4  The debtor will also pay the trustee   **NONE**  .

2.5  The debtor will pay the trustee a total of $ **18,000.00**   [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **1,800.00**   [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of Property |
|---|---|---|
| 4.1 | **Verizon Wireless BK Admin** | **Services and Devices** |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | |
| | | | | | | | TOTAL | **$0.00** |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 | **Pathlight Property Managment** | $900.00 | 0.00% | 11/2022 | $25.00 | 36 | $900.00 | $0.00 | $900.00 |
| | | | | | | | | TOTAL | **$900.00** |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay,the amount set forth in the "Total Payments" column belowon the followingsecured claims if a proof of claim is filed andallowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ☐ | | | | | | |
| | **-NONE-** | | | | | | | | | | |
| | | | | | | | | | | TOTAL | **$0.00** |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

| | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | **Saint Cloud Credit Union** | $4,851.00 | 7.00 | ☑ | 11/2022 | $88.00 | 2 | $176.00 | $0.00 | $5,071.98 |
| | | | | | 01/2023 | $244.80 | 20 | $4,895.98 | | |
| 9.2 | **Saint Cloud Credit Union** | $957.00 | 7.00 | ☐ | 11/2022 | $66.71 | 15 | $1000.60 | $0.00 | $1,000.60 |
| | | | | | | | | | TOTAL | **$6,072.58** |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Attorney Fees | $3,000.00 | 11/2022 | $159.90 | 19 | $3,000.00 | $0.00 | $3,000.00 |
| 10.2 | Internal Revenue Service | $1.00 | 11/2022 | Pro Rata | Pro Rata | $1.00 | $0.00 | $1.00 |
| 10.3 | MN Dept of Revenue | $1.00 | 11/2022 | Pro Rata | Pro Rata | $1.00 | $0.00 | $1.00 |
|  |  |  |  |  |  |  | TOTAL | $3,002.00 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |  |  |
|  |  |  |  |  |  | TOTAL | $0.00 |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **6,225.42**   [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **0.00**  .

13.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **51,700.33**  .

13.3    Total estimated unsecured claims are $ **51,700.33**   [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property (including complete legal description of real property) |
|---|---|
| -NONE- |  |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 16.1 | A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.<br><br>The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT.** Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.<br><br>Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor receiving a discharge in this case.<br><br>All secured creditors being paid direct (outside the Chapter 13 plan) on the plan shall, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments. |
|---|---|
| 16.2 | |

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **1,800.00** |
| Home mortgages in default [Part 6] | $ | **0.00** |
| Claims in Default [Part 7] | $ | **900.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **6,072.58** |
| Priority Claims [Part 10] | $ | **3,002.00** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **6,225.42** |
| TOTAL (must equal line 2.5) | $ | **18,000.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Wesley W. Scott**
        **Wesley W. Scott 0264787**
        Attorney for debtor or debtor if pro se

Signed: **/s/ Andrew John Marshall**
        **Andrew John Marshall**
        Debtor 1

Signed: _____
        Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:   Andrew John Marshall                                    Case No: 22-41753

Debtor.

NOTICE OF CONFIRMATION HEARING

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled on December 15, 2022 at 10:30 a.m., U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 8 West, 8th Floor, 300 South Fourth Street, Minneapolis, Minnesota.

Any objection to the modified plan shall be filed and served not later than 48 hours prior to the time and date set for the confirmation hearing.

Dated this 28th day of November, 2022.

                                                LIFE BACK LAW FIRM, P.A.

                                                /e/ WESLEY W. SCOTT #0264787
                                                Attorney for Debtor
                                                13 Seventh Avenue South
                                                St. Cloud, Minnesota 56301
                                                (320) 252-0330
                                                wes@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Andrew John Marshall					Case No. 22-41753

				Debtor.

## UNSWORN CERTIFICATE OF SERVICE

     I, Samantha M. Googins, declare under penalty of perjury that on November 28, 2022, I caused to be served the Notice of Confirmation Hearing and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.

Dated: November 28, 2022					/e Samantha M. Googins
								Samantha M. Googins
								LifeBack Law Firm, P.A.

```
Label Matrix for local noticing          Minneapolis                              Advantage Collection
0864-4                                   301 Diana E. Murphy U.S. Courthouse      495 2nd Ave SE
Case 22-41753                            300 South Fourth Street                  Cambridge MN 55008-1708
District of Minnesota                    Minneapolis, MN 55415-1320
Minneapolis
Tue Nov 22 13:12:59 CST 2022

Allina Health                            Allina Health                            Amex
2925 Chicago Ave                         PO BOX 77008                             Correspondence/Bankruptcy
Minneapolis MN 55407-1321                Minneapolis MN 55480-7708                Po Box 981540
                                                                                  El Paso TX 79998-1540

Bank of America                          CareCredit                               CareCredit Synchrony Bank
Attn: Bankruptcy                         PO BOX 960061                            PO Box 960061
4909 Savarese Circle                     Orlando FL 32896-0061                    Orlando FL 32896-0061
Tampa FL 33634-2413

Centerpoint Energy                       Centracare                               Deanne Marie Marshall
PO Box 1144                              1406 6th Ave N                           687 Brianna Drive Unit 2
Minneapolis MN 55440-1144                Saint Cloud MN 56303-1901                Sartell MN 56377-2192

Delata Dental of MN                      (p)FIRST NATIONAL BANK OF OMAHA          HCMC
500 Washington Ave S.                    1620 DODGE ST                            PO Box 1238
Suite 2060                               STOP CODE 3113                           Minneapolis MN 55440-1238
Minneapolis MN 55415-1163                OMAHA NE 68102-1593

IHealth                                  Infinite health Collaborative            Internal Revenue Service
PO BOX 860596                            PO Box 860596                            Centralized Insolvency
Minneapolis MN 55486-0525                Minneapolis MN 55486-0525                PO Box 7346
                                                                                  Philadelphia PA 19101-7346

MN Dept of Revenue                       MNGI                                     Midwest Radiology
Attn: Denise Jones                       PO BOX 14829                             PO Box 1259
PO Box 64447                             Minneapolis MN 55414-0829                Dept. #16597
Saint Paul MN 55164-0447                                                          Oaks PA 19456-1259

Navient Solutions Inc                    Pathlight Property Managment             (p)RELIANCE RECOVERIES
Attn: Bankruptcy                         6500 International Pkwy                  ATTN ACCOUNTS RECEIVABLE SERVICES
P.O. Box 9500                            Suite 100                                6160 SUMMIT DR N
Wilkes-Barre PA 18773-9500               Plano TX 75093-8222                      SUITE 440
                                                                                  BROOKLYN CENTER MN 55430-2149

Saint Cloud Credit Union                 St Cloud Financial Credit Union          State Farm Payment Plan
Attn: Bankruptcy                         3030 1st St S                            PO BOX 52265
3030 1st Street South                    St Cloud, MN 56301-3867                  Phoenix AZ 85072-2265
Saint Cloud MN 56301-3867

Syncb/Mills Fleet Farm                   Synchrony Bank/Care Credit               US Trustee
Attn: Bankruptcy                         Attn:  Bankruptcy Dept                   1015 US Courthouse
Po Box 965060                            Po Box 965064                            300 S 4th St
Orlando FL 32896-5060                    Orlando FL 32896-5064                    Minneapolis, MN 55415-3070
```

Verizon Wireless BK Admin
500 Technology Drive
Suite 550
Weldon Springs MO 63304-2225

Andrew John Marshall
5581 154th Lane NW
Ramsey, MN 55303-7047

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402-1250

Wesley W. Scott
LifeBack Law Firm, PA
13 Seventh Ave S
St Cloud, MN 56301-4259

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

FNBO
PO BOX 3331
Omaha NE 68103

(d)First National Bank
Attn: Bankruptcy
P.O. Box 3128
Omaha NE 68103

Reliance Recoveries
PO Box 29227
Minneapolis MN 55429

End of Label Matrix
Mailable recipients    33
Bypassed recipients     0
Total                  33

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
**Andrew John Marshall**

Case No. **22-41753**

Debtor(s).

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. [**individual debtors only**] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. [**corporate and partnership debtors only**] I have been authorized to file this petition on behalf of the debtor.

Date: 11/14/2022

X _/s/ Andrew Marshall_
Signature of Debtor1 or Authorized Representative

X _____
Signature of Debtor 2

**Andrew John Marshall**
Printed Name of Debtor 1 or Authorized Representative

Printed Name of Debtor 2